**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq. (126281)
Email: brose@kayerose.com
André M. Picciurro, Esq. (239132)
Email: apicciurro@kayerose.com
1801 Century Park East, Suite 1500
Los Angeles, California  90067
Telephone: (310) 551-6555
Facsimile: (310) 277-1220

Attorneys for Defendant,
**GRAND CIRCLE LLC**

*NOTE CHANGES MADE BY THE COURT*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| HARRIET HILL, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>TRIP MATE, INC., a Kansas Corporation dba TRIP MATE INSURANCE AGENCY; GRAND CIRCLE LLC, a Delaware limited liability company dba GRAND CIRCLE TRAVEL; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. EDCV11-00684-VAP (AGRx)<br><br>**STIPULATED PROTECTIVE ORDER** |

*NOTE CHANGES MADE BY THE COURT*

Pursuant to Fed. R. Civ. P. 29, and by stipulation and agreement of the parties, and for good cause shown, it is hereby ORDERED that the following provisions shall govern the conduct of discovery by plaintiff and defendant in the above-captioned action:

**1. Proceedings and Information Governed**

This Order shall govern any document, information, or other thing furnished by any party or person, including third parties, upon their agreement to be bound by it to any other party or person in connection with the discovery and through the close of discovery of this action ~~or other lawsuits wherein undersigned counsel represents a party~~. The information protected includes, but is not limited to, information contained in

1 responses to requests to produce documents or other things, responses to
2 interrogatories, responses to subpoenas, deposition testimony and exhibits,
3 documents and things produced in response to discovery requests, and all copies,
4 extracts, summaries, compilations, designations, and portions thereof.

**2. Information Eligible for Protection Under This Order**

6 Any party to this action, or non-party subject to subpoena, upon agreement to be bound by this Order shall have the
7 right to identify and designate as "CONFIDENTIAL" any document or other
8 discovery materials it produces or provides, or any testimony given, in this
9 action, which testimony or discovery material is reasonably believed by that
10 party to constitute, reflect, or disclose non-public, proprietary, or confidential
11 commercial information, including but not limited to information relating to: (a)
12 names, addresses, phone numbers, and other information that would identify
13 customers or prospective customers of the producing party; (b) financial
14 information pertaining to the producing party; (c) the producing party's corporate
15 and strategic planning; and (d) technical data, research and development data,
16 confidential commercial information, and trade secrets that are not publically
17 available (collectively "Confidential Information").

**3. Designation of Information for Protection Under This Order**

19 A producing party may designate Confidential Information as
20 "CONFIDENTIAL" by stamping or otherwise marking the Confidential
21 Information prior to production. In the case of Confidential Information that is
22 not reduced to documentary, tangible, or physical form, or that cannot be
23 conveniently labeled, the producing party shall designate the Confidential
24 Information by informing the receiving party in writing of the appropriate
25 designation of such material.

26 In the case of deposition testimony or exhibits introduced at deposition, a
27 party seeking to invoke the protection of this Order shall give notice thereof at
28 the deposition or within ten (10) days after receipt of the deposition transcript, in

*[left margin: AGR ; Kaye, Rose & Partners LLP]*

1 accordance with the provisions and restrictions of this Order, and particularly
2 paragraphs 5 and 6. Unless otherwise designated at or during the deposition,
3 deposition testimony shall be treated as if designated "CONFIDENTIAL" until
4 the expiration of such ten (10) day period.

5 　　　The parties shall designate information as "CONFIDENTIAL" on a good
6 faith basis and not for the purpose of harassing the receiving party or for the
7 purpose of unnecessarily restricting the receiving party's access to information
8 concerning the lawsuit or other lawsuits wherein undersigned counsel represents
9 a party.

10 　　　If there is a dispute regarding the designation of material, information
11 and/or documents as confidential, The party disputing the propriety of the
12 designation shall request within 14 days of receiving the confidentially
13 designated material a conference to discuss the designation. Unless otherwise
14 agreed to by the parties, if a resolution is not reached the party designating the
15 material (not the party disputing the designation) must file a Motion for a
16 Protective Order ~~within 14 days~~ under the procedures in Local Rule 37 at the earliest practicable time under that rule, seeking to have the Court declare the material,
17 information and/or documents confidential. The party must set the hearing on the
18 Motion for the earliest hearing date allowed by the Local Rules. Until such time
19 that the Court rules on the Motion, the parties shall treat the disputed material,
20 information and/or documents as confidential.

21 **4. Disclosure of Information Designated CONFIDENTIAL**
22 　　　Information designated "CONFIDENTIAL" may be disclosed by the
23 receiving party to the following recipients only:
24 　　　(a) Outside litigation attorneys of record in this action, and any outside
25 litigation attorneys retained by the parties in this action to consult in connection
26 with this action, and their respective associates, clerks, legal assistants,
27 stenographic and support personnel, and other employees of such outside
28 litigation attorneys, and organizations retained by such attorneys to provide

Kaye, Rose & Partners LLP

1  litigation support services in this action and the employees of said organizations;

2  (b) The employees and agents of the receiving party having a need to
3  know the information in connection with the prosecution or defense of this
4  action;

5  (c) Independent experts and consultants, and the employees of such
6  experts and consultants who are assisting them, retained or consulted by counsel
7  of record for any party for the purpose of assisting counsel in the litigation who
8  have signed the "Acknowledgment and Agreement to Be Bound" that is attached
9  hereto as Exhibit A, but excluding any persons presently employed by Collette
10 Tours, Vantage, Sun Holidays, Uniworld, Viking Cruises, Go Ahead Vacations,
11 SAGA Holidays, Odysseys Unlimited, Inc., Smartours, Globus, Elderhostel,
12 Moutain Travel Sobek, Wilderness Travel, Abercrombie & Kent, Grand
13 European, Tauck Tours, Caravan, and Gap Adventures;

14 (d) Any certified shorthand or court reporters or persons operating video
15 equipment at depositions retained to report a deponent's testimony in this case;

16 (e) The Court, including its clerks, reporters, and staff;

17 (f) Any author, addressee or recipient of any document containing such
18 information;

19 (g) Any witness testifying under oath under a Fed. R. Civ. P. 30(b)(6)
20 category of the party that designated such Confidential Information if such
21 information is necessary to assist the witness in testifying as the Fed. R. Civ. P.
22 30(b)(6) designee; and

23 (h) Such other persons as hereafter may be designated by written
24 agreement of all parties in this action or by Order of the Court, such Order
25 obtained on noticed motion (or on shortened time as the Court may allow),
26 permitting such disclosure.

27 ///
28 ///

Kaye, Rose & Partners LLP

**5. Depositions**

In the event that a question is asked at a deposition that calls for or results in the disclosure of Confidential Information, counsel for the party claiming such confidentiality may designate the question and answer as confidential by making, at the deposition, a statement on the record so designating such portions, and shall direct the reporter to place such designated Confidential Information on separate transcript pages prominently marked with the legend "CONFIDENTIAL." Regardless of whether notice was given at the deposition, deposition transcripts shall be considered "CONFIDENTIAL" for ten (10) days after delivery of the transcript to the parties. Counsel for the deponent shall have ten (10) days after receipt of the deposition transcript within which to inform the deposing party of the portions of the transcript (by specific page and line numbers) to be designated as "CONFIDENTIAL." Any confidentiality is waived after the expiration of the 10-day period, unless so designated or otherwise stipulated or ordered.

Any court reporter, transcriber, or videographer who reports or transcribes testimony in this action at a deposition shall agree by a statement on the record or by written statement that all testimony and information designated as "CONFIDENTIAL" under this Order is and shall remain confidential and shall not be disclosed by such reporter or transcriber except to counsel for the parties and any other person who is present while such testimony is being given, and that all copies of any transcript, reporter's notes, or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, transcriber, or videographer or shall be delivered to the undersigned counsel.

**6. Exclusion from Depositions**

Whenever any documents, information, or other things designated as "CONFIDENTIAL" are to be discussed or disclosed in a deposition, any party

1  claiming such confidentiality may exclude from the room for that portion of the
2  deposition any person who is not entitled to receive documents, information, or
3  other things designated as "CONFIDENTIAL."

### 7. Use of Confidential Information

5  The attorneys of record are responsible for employing reasonable measures
6  to control, consistent with this Order, duplication of, access to, and distribution
7  of Confidential Information. The receiving party shall not duplicate any
8  document or thing designated as "CONFIDENTIAL" except working copies and
9  copies for filing in Court under seal. Confidential Information shall be used by
10 the party and persons to whom it is disclosed solely in conducting this action and
11 any appellate proceeding related thereto. Confidential Information shall not be
12 used by such party or persons for any business or other purpose, unless agreed to
13 in writing by all parties to this action or as authorized by further Order of the
14 Court. No person who is furnished Confidential Information shall disclose it to
15 any person not entitled under this Order to receive it.

### 8. Failure to Designate Confidential Information

17 In the event that information is provided under this Order, whether in
18 written or oral form, without any designation of confidentiality, such information
19 may be designated confidential at a later time, and shall be treated as confidential
20 by all parties hereto as though such information had been designated confidential
21 when originally provided, except to the extent that such information has already
22 been disclosed to individuals who otherwise would not have been entitled to
23 have the information disclosed to them in the first place .

24 If a party (or non-party subject to subpoena) decides to add a designation
25 to any document previously produced without a designation, the producing party
26 (or non-party) shall produce to the other parties substitute copies of such
27 documents bearing the desired designation. The parties to whom the substitute
28 copies of such documents are produced shall substitute the later produced

documents for the previously produced documents, and destroy or return to the producing party the previously produced documents. Any such designation under this subsection must occur within 30 days of the initial production and/or disclosure of the material.

### 9. Violations of the Protective Order

A party believing there has been a violation of the protective order by any other party or person must provide written notice of such belief to all other parties. The parties thereafter shall informally attempt to resolve the matter promptly, but the responding party shall have at least five (5) business days to investigate the assertion. If the parties are unable to resolve the issue, then the party asserting that a violation occurred shall move the Court for relief.

### 10. Disclosure of Confidential Information to Unauthorized Person

If "CONFIDENTIAL" "material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized persons(s).

### 11. No Waiver of Privilege

The inadvertent production of privileged documents by the producing party shall not constitute a waiver of any applicable privilege. Furthermore, nothing in this Protective Order shall be deemed a waiver of the attorney-client, work product, or any other privilege or immunity, or of the right of any party to this action to oppose production of any information or documents as being outside the scope of discovery authorized by the Federal Rules of Civil Procedure or otherwise. This Order is not intended to supersede the current law related to any inadvertent production of attorney client communication.

///

**12. Return of Information**

Within ninety (90) days after the conclusion of this action, whether by settlement or final judgment, all Confidential Information and all documents that reflect such information (except as provided below), upon the request of the party furnishing such Confidential Information, be (i) delivered to the party that furnished such Confidential Information or (ii) in lieu of delivery to the furnishing party, destroyed, in which event counsel shall give written notice of such destruction to opposing counsel.  In no event shall a party retain a copy of the Confidential Information produced to it, except that outside litigation counsel may keep one complete set of pleadings and discovery materials containing confidential information for archival purposes. Nothing in this Protective Order requires the return or destruction of attorney work-product or attorney-client communications of either party that is maintained and stored by counsel in the regular course of business.  Furthermore, nothing in this Protective Order requires the return of Confidential Information filed with the Court.

**13. Amending Protective Order**

Either party may move the Court to amend this Protective Order at any time.  The Court retains jurisdiction to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.

**14. Effective Date**

Upon the entry of this Consent Protective Order by the Court, this Consent Protective Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Order effective *nunc pro tunc* to the date of such party's signature. The terms and conditions in this Consent Protective Order shall survive and remain in full force and effect after the termination of this action until canceled or otherwise

///

1 | modified by Order of this Court, or by written agreement of the parties. The
2 | Court shall retain jurisdiction to enforce the provisions of this Order.

4 | STIPULATED BY:

5 | DATED: September 1, 2011          **KAYE, ROSE & PARTNERS LLP**

7 | /s/ André M. Picciurro
André M. Picciurro, Esq.
8 | Attorneys for Defendant GRAND
CIRCLE LLC

11 | DATED: September 1, 2011          **BROWN, WEGNER & BERLINER LLP**

12 | /s/ Matthew A. Berliner, Esq.
*By Email authorization*
13 | Matthew A. Berliner, Esq.
14 | Attorney for Plaintiff HARRIET HILL

17 | IT IS SO ORDERED:

19 | DATED: September 9, 2011          Alicia G. Rosenberg
20 |                                   United States ~~District Court~~ Judge
21 |                                   Magistrate

(left margin: Kaye, Rose & Partners LLP)

Case 5:11-cv-00684-SVW -AGR   Document 55   Filed 09/09/11   Page 10 of 11   Page ID
Case 5:11-cv-00684-VAP -AGR   Document 46   Filed 09/01/11   Page 10 of 11   Page ID
#:536

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____,
declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Hill v. Trip Mate, Inc., et al.*, Case No. EDCV11-00684. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service of documents are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rules

/s/ André M. Picciurro
André M. Picciurro, Esq.